RATTET PLLC
Robert L. Rattet, Esq.
202 Mamaroneck Avenue
Suite 300
White Plains, New York 10601
(914) 381-7400

*Proposed Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:

THE MANHATTAN COMPANY OF         Chapter 11
NEW YORK LLC,                       Case No. 19-71107

Debtor.

-------------------------------------------------------------- x

## DECLARATION OF MICHAEL MCGARRY
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

MICHAEL MCGARRY declares under penalties of perjury as follows:

I am the Managing Member of The Manhattan Company of New York LLC, the above-referenced debtor and debtor-in-possession (the "Debtor"). As such, I am fully familiar with the Debtor's operations, businesses and financial affairs.

I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

1

## <u>BACKGROUND</u>

1.      The Debtor is a general contractor concentrating on commercial site rehabilitation. The Debtor is contracted by various developers or construction managers and has performed renovations on such major New York facilities such as LaGuardia International Airport, the UN, Mount Sinai Hospital and the Metropolitan Museum of Art. The Debtor is a member of the NYC Building Contractors Association and is often required to employ union labor for its projects, including members of the Joint Industry Board of Electrical Contractors, the Teamsters, the Bricklayers and other unions.

2.      The Debtor was formed by me in 2004. I am the sole manager and member.

3.      The company was profitable and prospered for many years. Unfortunately, within the past few years, the Debtor experienced a material loss on uncollected change orders totaling approximately $3 million on a variety of jobs contracted with Skanska. This directly led to the accumulation of payables and arrears to the unions and taxing authorities.

4.      On November 14, 2018, while the Debtor was in the process of completing several jobs for Skanska, the Debtor ceased operations directly due to non-payment by Skanska on all of their pending jobs, with such aggregate receivables (including pending change orders) due from Skanska approaching approximately $3.95 million.

5.      Without acceleration of past due and payment of current progress payments, the Debtor was left with inadequate working capital to pay for ongoing labor, union benefits and supplies, forcing the Debtor to cease operations.

6.      Since November 14th, the Debtor has been engaged in discussions with Skanska and the unions to obtain overdue payments and to work out completion of the remaining unfinished jobs.

7.      Unfortunately, despite great efforts by myself and my counsel, those negotiations provided entirely unsuccessful, leaving the Debtor's business in ruins, its reputation destroyed and its ability to repay its liabilities crippled.

8.      In an effort to preserve its business and good will, the Debtor has determined in its business judgement that it would be in the best interests of the Debtor and all creditors to seek protection under Chapter 11 so that the Debtor may attempt to reorganize its affairs, jump start operations and efficiently and effectively collect its receivables and seek other related damages from Skanska.

9.      If the Debtor is afforded a reasonable but not lengthy time in Chapter 11, it believes it can expeditiously collect its receivables, attempt to re-commence operations, thereby obtaining the necessary capital needed to continue operations, or achieve a strategic transaction that will maximize the value of its assets, and hopefully a return to all of its creditors, secured and unsecured alike.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-4(a)(i)**

The Debtor is not a small business debtor within the meaning of 11 U.S.C. §101(51D).

**Local Rule 1007-4(a)(ii)**

The Debtor owns and operates a general contracting business located at 700 Rockaway Turnpike, Suite 403, Lawrence, New York 11559. The Debtor, until last week, also leased warehouse space at 131-31 Springfield Boulevard, Jamaica, New York 11413 but has surrendered such premises to the landlord due to nonpayment. However, some of the Debtor's equipment and personal property remain in the warehouse

**Local Rule 1007-4(a)(iii) and (iv)**

This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Local Rule 1007-4(a)(v)**

A list of the holders of the 20 largest general unsecured claims is annexed hereto as **Exhibit A**.

**Local Rule 1007-4(a)(vi)**

A list of the Debtor's 5 largest secured creditors is annexed hereto as **Exhibit B**.

**Local Rule 1007-4(a)(vii)**

A balance sheet of the Debtor as of December 31, 2018 is annexed hereto as **Exhibit C**.

**Local Rule 1007-4(a)(viii)**

There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(ix)**

The Debtor leases real property located at 700 Rockaway Turnpike, Suite 403, Lawrence, New York 11559 and, subject to having been recently surrendered, 131-31 Springfield Boulevard, Jamaica, New York 11413. None of the Debtor's property is in possession of a receiver or custodian other than those of its assets that remain at the Jamaica premises with the landlord.

**Local Rule 1007-4(a)(x) and (xi)**

The Debtor's location of its books and records and principal place of business is 700 Rockaway Turnpike, Suite 403, Lawrence, New York 11559.

**Local Rule 1007-4(a)(xii)**

A list of lawsuits is annexed hereto as **Exhibit D**.

**Local Rule 1007-4(a)(xiii)**

The Debtor's senior management consists of Michael McGarry, Managing Member.

**Local Rule 1007-4(a)(xiv) and (xv)**

The Debtor's estimated payroll to non-office employees for the thirty (30) day period following the Chapter 11 petition is $0. The Debtor's estimated payroll to officers for the thirty (30) day period following the Chapter 11 petition is $0.

**Local Rule 1007-4(xvi)**

A 30 day cash flow projection is annexed hereto as **Exhibit E**.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated:   Lawrence, New York
        February 14, 2019

/s/ *Michael McGarry*
      Michael McGarry

6

# EXHIBIT A

## 20 LARGEST UNSECURED CREDITORS

### See Attached

Manhattan Co - Rule 1007-4 Declaration

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | The Manhattan Company of New York, LLC |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Amadeus Marble & Granite Corp.<br>1169 East 156 Street<br>Bronx, NY 10474 | | | | | | $26,406.00 |
| American Express<br>P.O. Box 360001<br>Fort Lauderdale, FL 33336-0001 | | | | | | $20,622.35 |
| American Spray-On Corp<br>5 Hanover Square<br>New York, NY 10004 | | | | | | $20,375.00 |
| Bricklayers Fringe Benefit<br>66-05 Woodhaven Blvd.<br>Rego Park, NY 11374 | | | | | | $51,276.20 |
| CFG Merchant Solutions<br>180 Maiden Lane<br>15th Floor<br>New York, NY 10038 | | | | | | $399,000.00 |
| Concrete Safety Systems<br>9190 Oild Route 22<br>Bethel, PA 19507 | | | | | | $53,888.00 |
| Drywall Taper's Ins. Fund<br>36-18 33rd Street<br>2nd Flr.<br>Long Island City, NY 11106 | | | | | | $26,510.05 |
| FCS Group, LLC<br>57-12 Grand Avenue<br>Maspeth, NY 11378 | | | | | | $146,325.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor    **The Manhattan Company of New York, LLC**                    Case number *(if known)*
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Greendepot 855 T Conklin St Farmingdale, NY 11735 | | | Unliquidated | | | $131,941.53 |
| Internal Revenue Service Special Procedures P.O. Box 21126 Philadelphia, PA 19114 | | | Unliquidated | | | $120,000.00 |
| Local 79 Funds 520 Eighth Avenue Suite 679 New York, NY 10018 | | | Unliquidated | | | $224,536.40 |
| Mason Tenders Trust Funds 520 Eighth Avenue Suite 650 New York, NY 10018-4195 | | | | | | $277,123.07 |
| NYC Dist. Council Carpenters Benefit Funds Attn: Christopher Ozard 395 Hudson Street New York, NY 10114 | | | Unliquidated | | | $36,083.97 |
| NYS Dept of Taxation & Fi P.O. Box 5149 Albany, NY 12205 | | | Unliquidated | | | $200,000.00 |
| Pisos Contracting 102 Commerce Street Brooklyn, NY 11231 | | | | | | $44,265.28 |
| Remex Construction 55-18 39th Ave Woodside, NY 11377 | | | | | | $67,859.00 |
| Sam Schwartz Pedestrain Traffi Management Services Inc 332 8th Ave New York, NY 10001 | | | Unliquidated | | | $211,901.40 |
| Signature Bank 1177 Ave of the Americas 11th Floor New York, NY 10036 | | | | | | $78,245.13 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor  **The Manhattan Company of New York, LLC**                    Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services. | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Transcontinental Steel**<br>**256 Pacific St**<br>**Newark, NJ 07114** | | | | | | $447,525.14 |
| **Walsh Sales Associates**<br>**80 Allen Boulevard**<br>**Farmingdale, NY 11735** | | | | | | $19,340.00 |

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

Complete Business Solutions Group, Inc.
22 N. 3rd Street
Philadelphia, PA 19106                    $235,863.99

EXHIBIT C

Estimated Balance Sheet as of 12/31/18

ASSETS:

| | |
|---|---|
| Cash/Bank Accounts | $0 |
| Security Deposits | $106,800 |
| Equipment Net of Depreciation | $50,000 |
| Accounts Receivable | $3,935,325.94 |
| Litigation Claim v. Skanska | Unknown |
| TOTAL: | 4,092,125.94 |

LIABILITIES:

| | |
|---|---|
| Secured Loan | $235,863.99 |
| Taxes | $320,000 |
| Labor - office | $11,139.34 |
| Labor – jobsites | unknown |
| Accounts Payable | $2,461,875.08 |
| TOTAL: | $3,028,878.33 |

9

# EXHIBIT D

## Schedule of Lawsuits

*Trustees of the Drywall Tapers & Pointers Local Union No. 1974 Benefit Funds v. The Manhattan Company of New York*, United States District Court, SDNY, Index No. 18-CIV-8342(KPF)

*In the Matter of the Arbitration Between The New York District Council of Carpenter Pension Fund, et al. v. The Manhattan Co. of New York, LLC*, Office of the Impartial Arbitrator (Maher, A.)

## EXHIBIT E

### 30 day Cash Flow Projection

INCOME:                              $-0-

EXPENSES:

| | |
|---|---|
| Rent & Utilities – Lawrence Office | $4,200 |
| Internet | $500 |
| Insurance (Pro Rated) | $6,600 |
| Miscellaneous | $1,000 |

11